**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:05CV219-V-02**
**(5:03CR4-15-V)**

| | | |
|---|---|---|
| **WALTER BRENNAN CONNOR,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|       v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court the petitioner's document captioned as a "Preliminary Statement Under 28 U.S.C. §2255 As Justice So Requires Under Rule 15," filed July 5, 2005. Based upon the nature of the petitioner's allegations, the fact that he identified himself as the petitioner and the government as the respondent in the caption of this document, and the fact that his sole request for relief is for the Court to vacate its Judgment of conviction so that he can timely file a notice of appeal, the Court will construe the subject Statement as a motion to vacate under §2255.[1]

Furthermore, after having carefully reviewed the instant s

---

[1] Although the Court has decided to construe the petitioner's so-called "Statement" as a mislabeled motion to vacate under §2255, the Court does not believe that it also must give the petitioner prior notice of this conversion and/or an opportunity to oppose such construction as described in <u>United States v. Emmanuel</u>, 288 F.3d 644 (4th Cir. 2002). Indeed, inasmuch as the Court has decided to grant the petitioner relief on his <u>de facto</u> motion to vacate, pursuant to <u>In re Goddard</u>, 170 F.3d 435 (4th Cir. 1999), the petitioner will be entitled to file a second motion to vacate, if he so chooses, after the conclusion of his direct appeal without having to obtain pre-filing permission to file such motion from the Court of Appeals.

motion to vacate, certain other pertinent documents from the petitioner's criminal case, and relevant legal precedent, the Court concludes, out of an abundance of caution, that the petitioner's motion to vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case.

## I.   **FACTUAL AND PROCEDURAL BACKGROUND**

According to the record, on January 29, 2003, the petitioner (along with 17 other persons) was named in a Bill of Indictment which charged him with conspiracy to possess with intent to distribute, and to distribute five kilograms or more of cocaine powder and 50 grams or more of cocaine base, all in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One).  Count Twelve of the Indictment also charged the petitioner with possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §841.[2]  Subsequently, the petitioner retained private counsel to represent him in this matter.

On June 26, 2003, the petitioner appeared before the Court and entered a "straight-up" guilty plea to Count One in the Indictment.  Consequently, on that occasion, the Court engaged the petitioner in a lengthy plea colloquy to ensure that he was intelligently and voluntarily tendering his guilty plea.  After

---

[2]A Superseding Indictment was filed July 29, 2003.  However, such document did not alter or otherwise affect the allegations which were set forth against the petitioner in the original Indictment.

2

considering the petitioner's answers to its numerous questions, the Court conditionally accepted the petitioner's guilty plea. Thereafter, on August 19, 2003, upon the Motion of the government, the Court dismissed Count Twelve against the petitioner.

Next, after granting the petitioner's two requests for continuances on September 9, 2004, the Court held a Factual Basis & Sentencing Hearing for the petitioner. On that occasion, the Court reviewed the petitioner's case, his Pre-Sentence Report, and other relevant matters. Then, pursuant to the U.S. Sentencing Guidelines, the Court sentenced the petitioner to a term of 135 months imprisonment. However, in addition to this Guidelines sentence, the Court announced an alternative, provisional sentence of 135 months. Such provisional sentence was entered in conformity with the Fourth Circuit Court of Appeals' decision in United States v. Hammoud, 381 F.3d 316 (4th Cir. 2004) (en banc).[3] The Court's Judgment was filed on September 20, 2004.

After entry of the Court's Judgment no appeal was filed for the petitioner. Rather, on July 5, 2005, the petitioner filed this de facto motion to vacate, alleging that he was subjected to ineffective assistance by virtue of trial counsel's failure to consult with him concerning the possibility of a direct appeal,

---

[3] In Hammoud, the Fourth Circuit directed district courts to continue to impose sentences under the Guidelines, but also to impose alternative, provisional sentences under 18 U.S.C. §3553(a) in the event that the U.S. Supreme Court subsequently found, as it has done, that the mandatory provisions of the Guidelines are invalid.

3

and counsel's further failure to file such an appeal despite the petitioner's having requested that counsel do so.

## II. **ANALYSIS**

The petitioner's claim that counsel failed to file an appeal as requested is controlled by the Fourth Circuit's decision in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). In Peak, the Court of Appeals held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same).

Additionally, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur after the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000).

In the instant case, the petitioner has alleged both that

4

his attorney failed to consult with him regarding the possibility of an appeal; and that, notwithstanding such failure, counsel failed to honor the petitioner's request that he file an appeal for him. Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representations, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of <u>Evitts</u> and <u>Peak</u>, the Court finds that the petitioner's motion to vacate must be <u>granted</u>. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the petitioner may appeal his conviction and/or sentence.

### III.  **<u>NOTICE OF APPELLATE RIGHTS</u>**

Mr. Connor, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's motion to vacate is **GRANTED**;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure timely to file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment for the petitioner, imposing the same sentence and conditions as were imposed by the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the government is aware that former defense counsel has in his possession a document which affirmatively establishes that the petitioner advised counsel that he did <u>not</u> want to appeal, or which otherwise conclusively rebuts

6

the petitioner's allegation that counsel failed to file an appeal as requested, counsel for the government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED.**

**Signed: July 14, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge